```
                                   UNITED STATES DISTRICT COURT
                                   SOUTHERN DISTRICT OF FLORIDA

                                   CASE NO. 10-14190-CIV-MARRA
                                   MAGISTRATE JUDGE P.A. WHITE

MARIO BETANCOURT,              :

     Petitioner,               :

v.                             :      REPORT OF
                                      MAGISTRATE JUDGE
EDWIN G. BUSS,[1]              :

     Respondent.               :
_____
```

## I. Introduction

Mario Betancourt has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking his conviction and sentence in case 562000CF000102A, entered in the Nineteenth Judicial Circuit Court for St. Lucie County. (DE# 1).

This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court has before it the petition for writ of habeas corpus and appendix in support thereof (DE# 1, 4), the Respondent's response to an order to show cause and appendix of exhibits (DE# 12, 13), the movant's response to the order re: limitations period (DE# 11), and reply to the state's response (DE# 15).

---

[1] Edwin G. Buss, has replaced Walter A. McNeil as Secretary of the Florida Department of Corrections, and is now the proper respondent in this proceeding. Buss should, therefore, "automatically" be substituted as a party under Federal Rule of Civil Procedure 25(d)(1). The Clerk is directed to docket and change the designation of the Respondent.

1

## II.  Factual and Procedural History

On August 5, 2004, the state charged Betancourt by information with two counts of manslaughter with a firearm in violation of Fla. Stat. §§782.07 and 775.087 (counts 1-2) and with possession of a firearm by a convicted felon in violation of Fla. Stat. §790.23 (count 3).  (DE# 13, Ex. 2).  Betancourt pled no contest to the possession charge.  (DE# 13, Ex. 5).  Betancourt proceeded to trial on the manslaughter charges. (DE# 13, Ex. 3).

The following facts were elicited from various witnesses during Betancourt's criminal trial.  On January 10, 2000, two customers and four employees of Scott's Tire heard a series of gunshots, which appeared to have been fired next door at The Padding Store. (DE# 13; Ex. 66; T 570, 599, 607, 617, 634, 641). The employees then observed a man, later identified as Betancourt, walk calmly out of The Padding Store, hold a handgun into the air, and say to the employees, "That's right, I shot 'em. I shot 'em both." (Id. at 573, 579-80, 601-02).  Betancourt then got into his van and drove away.  (Id. at 602-03, 635, 642).  Betancourt drove by one of the employees with the window down and the employee heard Betancourt say to himself, "If you guys are gonna fucking ruin my life, well, then this is what you get." (Id. at 643).  The Scott's Tire employees all recognized Betancourt by sight, recognized his voice, and recognized his van.  (Id. at 580-81, 583, 600, 635, 642).   After Betancourt drove away, the employees entered The Padding Store and found that two of the employees, Rick Mashler and Kenneth Conklin, had been fatally shot.  (Id. at 454, 463-64, 582, 604).  Mashler and Conklin were shot and killed with 9mm bullets, fired from the same gun.  (Id. at 480, 508, 656-57, 667-68, 675-76).  After the shooting, Betancourt fled the State of Florida and was later located in Mexico.  (Id. at 710).  The 9mm pistol was not

recovered, however, a search of Betancourt's home on the day of the shooting resulted in the discovery of a magazine to a 9mm pistol and 9mm ammunition. (Id. at 497-98, 503, 708).

The jury found Betancourt guilty on both manslaughter counts. (DE# 13, Ex. 3). Subsequently, the trial court sentenced Betancourt to two thirty-year terms, to run consecutively. (DE# 13, Ex. 4). With respect to the no contest plea on count 3, the court imposed a fifteen-year sentence, to run consecutively with the manslaughter sentences. (DE# 13, Ex. 6).

Betancourt appealed his manslaughter convictions and sentences in Florida's Fourth District Court of Appeal (Fourth DCA). (DE# 13, Ex. 7). The Fourth DCA affirmed the convictions and sentences without written opinion in a *per curiam* affirmance in Betancourt v. State, 923 So. 2d 508 (Fla. 4 DCA 2006). (DE# 13, Ex. 10).

Betancourt filed a motion to correct his manslaughter sentences, pursuant to Fla.R.Crim.P. 3.800(a), in the trial court. (DE# 13, Ex. 12). He sought credit for time spent awaiting extradition in Mexico. (Id.). After the state filed a response, the trial court issued an order striking the motion. (DE# 13, Ex. 14-15).

Betancourt filed a Rule 3.850 motion for postconviction relief with respect to his possession of a firearm by a convicted felon conviction in the trial court. (DE# 13, Ex. 16). The trial court issued a written order denying the Rule 3.850 motion. (DE# 13, Ex. 17). Betancourt took an appeal from the trial court's ruling, and the denial of postconviction relief was affirmed without written opinion in a *per curiam* affirmance in Betancourt v. State, 929 So. 2d 1071 (Fla. 4 DCA 2006). (DE# 13, Ex. 19).

Betancourt filed a second Rule 3.850 motion in the trial court wherein he raised issues relating to his convictions for manslaughter and possession of a firearm by a convicted felon. (DE# 13, Ex. 22). After the state filed a response, the trial court issued a written order denying the motion for postconviction relief. (DE# 13, Ex. 24, 25). Betancourt appealed the trial court's ruling, and the denial of postconviction relief was affirmed without written opinion in a *per curiam* affirmance in Betancourt v. State, 958 So. 2d 939 (Fla. 4 DCA 2007). (DE# 13, Ex. 30). Betancourt filed a motion for rehearing, which the Fourth DCA denied. (DE# 13, Ex. 31-32).

Betancourt next filed a "motion to determine whether trial court lacked jurisdiction to hear and rule on motion for postconviction relief filed while direct appeal was pending and/or petition for writ of habeas corpus." (DE# 13, Ex. 34). The trial court denied the motion. (DE# 13, Ex. 35). Betancourt appealed. (DE# 13, Ex. 36). The denial of Betancourt's motion was affirmed without written opinion in a *per curiam* affirmance in Betancourt v. State, 992 So. 2d 266 (Fla. 4 DCA 2008). (DE# 13, Ex. 38).

Betancourt filed a second Rule 3.800(a) motion to correct illegal sentence in the trial court, wherein he challenged all three sentences. (DE# 13, Ex. 40). The trial court issued a written order denying the motion. (DE# 13, Ex. 43). Betancourt appealed. (DE# 13, Ex. 42). The denial of Betancourt's motion was affirmed without written opinion in a *per curiam* affirmance in Betancourt v. State, 5 So. 3d 684 (Fla. 4 DCA 2009). (DE# 13, Ex. 43).

Betancourt filed a third Rule 3.850 (DE# 13, Ex. 45), which the trial court denied (DE# 13, Ex. 47, 54). Betancourt appealed.

4

(DE# 13, Ex. 55). The denial of Betancourt's third Rule 3.850 motion was affirmed without written opinion in a *per curiam* affirmance in Betancourt v. State, 2011 WL 666527 (Fla. 4 DCA February 23, 2011).

Betancourt filed a third Rule 3.800(a) motion to correct illegal sentence in the trial court, wherein he challenged all three sentences. (DE# 13, Ex. 58). The trial court issued a written order denying the motion. (DE# 13, Ex. 62). Betancourt appealed. (DE# 13, Ex. 63). The denial of Betancourt's third Rule 3.800(a) motion was affirmed without written opinion in a *per curiam* affirmance in Betancourt v. State, 2011 WL 666673 (Fla. 4 DCA February 23, 2011).[2]

On July 21, 2010, Betancourt filed the instant petition and asserts the following grounds for relief:

> **Claim 1**: The trial court denied him a fair trial by allowing the state to introduce at trial the firearm magazine seized from Betancourt's residence on the day of the shooting.
>
> **Claim 2**: The trial court violated his constitutional rights by reclassifying his manslaughter convictions to a first-degree felonies and subsequently imposing illegal sentences consistent with the reclassification.
>
> **Claim 3**: His convictions for manslaughter and for possession of a firearm by a convicted felon violated the constitutional prohibition against double jeopardy.
>
> **Claim 4**: Betancourt's no contest plea was involuntary because his convictions for manslaughter and for possession of a firearm by a convicted felon violated the

---

[2] When the state filed its response in the instant case, Betancourt's appeals from the trial court's orders denying his third Rule 3.850 motion and his third Rule 3.800(a) motion were still pending in the Fourth DCA. The Fourth DCA affirmed both orders on February 23, 2011.

constitutional prohibition against double jeopardy.

(DE# 1). The state filed a response (DE# 12) with supporting exhibits (DE# 13). Betancourt filed a reply thereto. (DE# 15).

### III. Threshold Issues-Timeliness, Exhaustion and Procedural Bar

In the response to the order to show cause, the respondent does not challenge the timeliness of the claims related to the manslaughter convictions, but does argue that the claims related to the possession of a firearm by a convicted felon conviction are untimely. See 28 U.S.C. §2244(d). (DE# 12, p. 7-10). The state argues that claims 1-3 of this federal petition were not properly exhausted before the state courts. (Id. at 10-12). The Undersigned declines to address these arguments in the interest of judicial economy because it concludes the claims lack merit.

### IV. Standard of Review

A prisoner in state custody may not be granted a writ of habeas corpus for any claim that was adjudicated on the merits in state court unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented" to the State court. 28 U.S.C. § 2254(d)(1), (2); see Williams v. Taylor, 529 U.S. 362, 405-06 (2000); Fugate v. Head, 261 F.3d 1206, 1215-16 (11th Cir. 2001).

A state court decision is "contrary to" or an "unreasonable

application of" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. Brown v. Payton, 544 U.S. 133, 141 (2005); Williams, 529 U.S. at 405-06. In the habeas context, clearly established federal law refers to the holdings of the Supreme Court's decisions as of the time of the relevant state-court decision. Hall v. Head, 310 F.3d 683, 690 (11th Cir. 2002) (citing Williams, 529 U.S. at 412). However, in adjudicating a petitioner's claim, the state court does not need to cite Supreme Court decisions and the state court need not even be aware of the Supreme Court cases. See Early v. Packer, 537 U.S. 3, 8 (2002); Parker v. Sec'y, Dep't of Corr., 331 F.3d 764, 775-76 (11th Cir. 2003).

So long as neither the reasoning nor the result of the state court decision contradicts Supreme Court decisions, the state court's decision will not be disturbed. Id. Further, a federal court must presume the correctness of the state court's factual findings unless the petitioner overcomes them by clear and convincing evidence. See 28 U.S.C. § 2254; Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001); Devier v. Zant, 3 F.3d 1445 (11th Cir. 1993).

In the instant case, the Petitioner seeks habeas relief based on ineffective assistance of counsel. The United States Supreme Court clearly established the law governing ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984). Strickland requires a criminal defendant to show that: (1) counsel's performance was deficient and (2) the deficiency

prejudiced him. Id. at 690. As to the first prong, deficient performance means performance outside the wide range of professionally competent assistance. Id. The judiciary's scrutiny of counsel's performance is highly deferential. Id. at 689.

As to the second prong, a defendant establishes prejudice by showing that, but for counsel's deficient performance, there is a reasonable probability the outcome of the proceedings would have been different. Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. Id.

A defendant must satisfy both the deficiency and prejudice prongs set forth in Strickland to obtain relief on an ineffective assistance of counsel claim. Failure to establish either prong is fatal and makes it unnecessary to consider the other. Strickland, 466 U.S. at 697.

## V. Discussion

Under **claim 1**, Betancourt asserts that the trial court denied him a fair trial by allowing the state to introduce at trial the firearm magazine seized from Betancourt's residence on the day of the shooting. Betancourt raised this issue on direct appeal. (DE# 13, Ex. 8). The Fourth DCA affirmed the convictions and sentences without written opinion in a *per curiam* affirmance in Betancourt v. State, 923 So. 2d 508 (Fla. 4 DCA 2006). (DE# 13, Ex. 10).

Federal courts will grant habeas corpus relief on the basis of a state evidentiary ruling only if the ruling adversely affects the fundamental fairness of the trial. Sims v. Singletary, 155 F.3d 1312 (11 Cir. 1998)(denying habeas corpus relief on a claim that a

8

motion for mistrial was wrongfully denied). See also Estelle v. McGuire, 502 U.S. 62 (1991); Osborne v. Wainwright, 720 F.2d 1237, 1238 (11 Cir. 1983); Jameson v. Wainwright, 719 F.2d 1125 (11 Cir. 1983); DeBenedictus v. Wainwright, 674 F.2d 841, 843 (11 Cir. 1982). In general, federal courts are reluctant to second-guess state evidentiary rulings, recognizing that states deserve wide latitude in that area, Maness v. Wainwright, 512 F.2d 88, 92 (5 Cir. 1975), so federal habeas corpus relief is rarely deemed appropriate for claims predicated on allegations of state evidentiary error. Boykins v. Wainwright, 737 F.2d 1539, 1543-44 (11 Cir.), cert. denied, 470 U.S. 1059 (1985). Additionally, such evidentiary rulings are subject to the harmless error analysis and will support habeas relief only if the error "had substantial and injurious effect or influence in determining the jury's verdict." Sims v. Singletary, 155 F.3d at 1312, quoting Brecht v. Abrahamson, 507 U.S. 619, 623 (1993).

In Florida, the standard of review for admissibility of evidence is abuse of discretion. Nardone v. State, 798 So. 2d 870, 874 (Fla. 4th DCA 2001). In this case, the trial court did not abuse its discretion in admitting the magazine evidence as it was relevant to the state's case. See Fla. Stat. §90.402 ("All relevant evidence is admissible, except as provided by law."). Officers found the 9mm magazine and the 9mm ammunition at Betancourt's house on the day of the shooting, the magazine fit a gun similar to the weapon used to kill the victims, and the bullets found were the same kind of bullets used in the shooting. Furthermore, the evidentiary ruling was harmless in light of the multiple witnesses who testified to hearing shots fired inside The Padding Store and to observing Betancourt exit the store immediately after and state, "That's right, I shot 'em. I shot 'em both." (DE# 13, Ex. 66, T 573, 579-80, 601-02). Betancourt is not

9

entitled to relief on this ground.

Under **claim 2**, Betancourt asserts that the trial court violated his constitutional rights by reclassifying his manslaughter convictions to first-degree felony convictions and subsequently imposing illegal sentences consistent with the reclassification. Betancourt raised this claim in two Rule 3.850 motions and one Rule 3.800(a) motion. See (DE# 13; Ex. 22, 45, 58). The state trial court issued orders denying the motions (DE# 13; Ex. 25, 49, 62), and the Fourth DCA affirmed on appeal in Betancourt, 958 So. 2d 939; Betancourt, 2011 WL 666527; and Betancourt, 2011 WL 666673.

Betancourt was charged with manslaughter with a firearm in violation of Fla. Stat. §§782.07 and 775.087. (DE# 13; Ex. 2). Section 782.07(1) provides:

> The killing of a human being by the act, procurement, or culpable negligence of another, without lawful justification according to the provisions of chapter 776 and in cases in which such killing shall not be excusable homicide or murder, according to the provisions of this chapter, is manslaughter, a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

Section 775.087(1)(b) provides:

> Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens to use, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
>         . . .

10

> In the case of a felony of the second degree, to a felony of the first degree.

Section 775.087(1)(b) reclassifies second-degree manslaughter as a first-degree felony where the state proves that the defendant used a firearm when committing manslaughter. In Minor v. State, 707 So. 2d 1184, 1184 (Fla. 3 DCA 1998), the Third DCA held:

> Manslaughter is a second-degree felony. See id. §782.07. Because the use of a weapon or firearm is not an element of the offense of manslaughter, see id., the crime is subject to reclassification to a first-degree felony where a weapon or firearm is used. See id. §775.087(1)(a); Mitchell v. State, 689 So. 2d 1118, 1120 (Fla. 3d DCA), appeal dismissed, 697 So. 2d 511 (Fla. 1997). . . . Classification of [the defendant's] conviction of manslaughter with a firearm as a first-degree felony was correct.

In this case, the jury made a specific finding that Betancourt possessed a weapon at the time the crime was committed. (DE# 13, Ex. 3). Furthermore, the use of a weapon or firearm is not an essential element of the offense of manslaughter under Fla. Stat. §785.07. Like the defendant in Minor, classification of Betancourt's manslaughter with a firearm conviction as a first-degree felony was consistent with Florida law. The trial court's determination that Betancourt was not entitled to relief on this ground, which decision was affirmed on appeal, was not in conflict with clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Williams v. Taylor, 529 U.S. 362 (2000).

Under **claim 3**, Betancourt asserts that his convictions for manslaughter and for possession of a firearm by a convicted felon violated the constitutional prohibition against double jeopardy.

Betancourt raised this claim in two Rule 3.850 motions and one Rule 3.800(a) motion. See (DE# 13; Ex. 22, 45, 58). The state trial court issued orders denying the motions (DE# 13; Ex. 25, 49, 62), and the Fourth DCA affirmed on appeal in Betancourt, 958 So. 2d 939; Betancourt, 2011 WL 666527; and Betancourt, 2011 WL 666673.

The appellant in Mitchell v. State, 689 So. 2d 1118 (Fla. 3 DCA 1997), raised the same argument that Betancourt raises under claim 3. In rejecting this argument, the Third DCA stated:

> [W]e are unpersuaded by [the appellant's] assertion that his conviction for possession of a firearm by a convicted felon violates double jeopardy. Mitchell argues that despite this conviction, his manslaughter conviction was enhanced for the use of a firearm, and he was habitualized based on his prior convictions. The offenses of manslaughter, §782.07, Florida Statutes (1993), and possession of a firearm by a convicted felon, § 790.23(1), Florida Statutes (1993), are separate offenses. Each offense requires proof of an element that the other does not. State v. Craft, 22 Fla. L. Weekly S3 (Fla. Dec. 26, 1996). There is no violation of Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Mitchell was not placed in double jeopardy. §775.021, Fla. Stat. (1993).

A conviction for possession of a firearm by a convicted felon requires proof that the defendant was previously convicted of a felony. See Fla. Stat. §790.23. Proof of this element is not required to support a manslaughter conviction. See Fla. Stat. §782.07. Like the defendant in Mitchell, Betancourt's convictions for manslaughter and for possession of a firearm by a convicted felon did not place him in double jeopardy. He is not entitled to relief on this ground.

Under **claim 4**, Betancourt asserts that his no contest plea was involuntary because his convictions for manslaughter and for

12

possession of a firearm by a convicted felon violated the constitutional prohibition of double jeopardy. In his first Rule 3.850 motion, Betancourt raised this issue as an ineffective assistance of counsel claim. (DE# 13; Ex. 16). The trial court denied this claim on the merits (DE# 13; Ex. 17), and the Fourth DCA affirmed on appeal in Betancourt, 929 So. 2d 1071.

The Undersigned concluded under claim 3 that Betancourt was not placed in double jeopardy when the state court convicted him of manslaughter and of possession of a firearm by a convicted felon. Accordingly, he is not entitled to relief on his claim that his plea was involuntary due to a double jeopardy violation.

## VI. Conclusion

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 17th day of March, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Mario Betancourt
     DC #068594
     Everglades Correctional Institution
     P. O. Box 949000
     Miami, FL 33194-9000

     Mark John Hamel
     Attorney General Office
     1515 N Flagler Drive
     9th Floor
     West Palm Beach, FL 33401-3432